## No. 346
## NAT. LEAGUE OF COMM. MERCH. v. SOUTH. RY. CO.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2678. Decided Nov. 9, 1925

991. RAILROADS—Absence of a railway company's trackage in this state is not a test for doing business in this state.

PER CURIAM

The National League of Commission Merchants instituted action against the Southern Railway Co. in the Hamilton Common Pleas for loss and damages to two shipments of cucumbers.

Service of summons was had on J. B. Munson, a vice president of the Company, and the Company thereupon filed motion to quash, claiming that it was a foreign corporation and does not own or operate any railroad in the state of Ohio; and that Munson, although a vice president, does not transact any business for the Company in Ohio. The service was ordered set aside by the trial court. On error, the Court of Appeals held:

1. It appears from the evidence that there is a general manager of the company, located in Cincinnati.

2. The claim is made that as there is no trackage in Ohio, the Company cannot be doing business within this state.

3. Absence of lines of trackage in the state is not a test for doing business within the state.

4. From the evidence presented, it seems that the Company is doing business within the state sufficient to subject itself to the jurisdiction of the courts.

Judgment reversed.

Attorneys—Hightower & O'Brien for League; Harmon, Colston, Goldsmith & Hoadly for Railway Co.; all of Cincinnati.

---

## No. 347
## ROCKFORD MILL. MACH. CO. v. GORZYNOSKI

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6406. Decided Nov. 23, 1925

1175. TITLE—1. When vendor retains title to chattel, and such chattel is taken by discharged employee of vendor, although without authority, vendor cannot recover purchase price of such chattel.

2. Such unauthorized taking is equivalent to theft when taker sells such chattel and appropriates the money realized by such sale.

3. Purchaser from such unauthorized taker does not acquire title to such chattel.

VICKERY, J.

The Rockford Milling Mach. o. left an adding machine at the store of E. A. Gorzynoski, under a proposition whereby said company was to sell said machine to Gorzynoski after he had disposed of a machine he was then using. Title to said machine remained in the Company.

Gorzynoski could not sell his machine so refused to carry out the purchase of the adding machine in question. The Company made repeated demands upon Gorzynoski for payment of the machine, which he consistantly refused.

A discharged employee of the Company, apparently knowing of this transaction, having in his possession some of the stationery of the Company, without authority, called for and took away said machine, sold same, and appropriated the money realized from this sale.

The Company then brought this suit in the Cleveland Municipal Court to recover from Gorzynoski the value of said machine. Court rendered judgment for Gorzynoski. Company prosecuted error and the Court of Appeals held:

1. Title to this machine, by terms of agreement, remained in the company.

2. The Company has a right to claim the machine from the man who now has it in his possession.

3. The person who took the machine never had a good title to it, his taking being equivalent to theft, so he could not pass title.

4. No purchase of his machine was ever consummated by Gorzynoski.

Judgment affirmed.

Attorneys—Stearns, Chamberlin & Royon for Company; Ackerman & Wald for Gorzynoski; all of Cleveland.